Gene Turner, Plaintiff-Appellant, v. Steffke Freight Company, a Corporation, Spector Freight Systems, Inc., a Corporation, and Central States Drivers Council, a Voluntary Unincorporated Association Affiliated With the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants-Appellees.

Gen. No. 11,888.

Second District.

May 14, 1964.

Jack R. Cook, of Loves Park, for appellant.

Goldberg, Previant & Uelmen, of Milwaukee, Wisconsin, and Berry & Simmons, of Rockford, for intervenor-defendant-appellee. Francis F. Sulley, of Chicago (Vedder, Price, Kaufman & Kammholz, of Chicago, Miller, Thomas, Hickey & Collins, of Rockford, of counsel), for appellees, Steffke Freight Co. and Spector Freight Systems, Inc.

CARROLL, J.

This is an action for specific performance of a collective bargaining agreement and to recover damages occasioned by the alleged breach of said agreement by the defendants, Steffke Freight Company, and Spector Freight Systems.

Plaintiff, Gene Turner, a truck driver and member of Local 325, Central States Drivers Council Labor Union is employed by Steffke Freight. In February, 1955, his employer and the Union entered into a collective bargaining agreement. Subsequently, Steffke

filed a petition in bankruptcy and thereafter was merged with and acquired by defendant, Spector. Such transfer of Steffke was made subject to the terms and conditions of its collective bargaining agreement with the Union.

It is alleged in the first of the two counts of the complaint that Steffke and Spector have breached said agreement in that they have refused to recognize the seniority rights to which plaintiff is entitled under the terms thereof. In the second count it is alleged that plaintiff has no adequate remedy at law and prays defendants be ordered to specifically perform the said agreement.

The defendants answered the complaint denying the alleged breach of the agreement and set up a number of separate defenses to plaintiff's action. Central States Drivers Council was permitted to intervene as a party defendant and adopted the pleadings filed by Steffke and Spector. After each had filed a motion for summary judgment the parties by stipulation agreed upon the facts and to the submission to the trial court of a question of law, which it was agreed could be dispositive of the case.

The stipulation of the parties is as follows:

"It is agreed by the respective parties, through their counsel, as follows:

"1. The Court has pending before it several motions including motions to strike and motions for summary judgment. These motions raise several different points of law. One issue of law raised by the motions could be dispositive of the litigation and the parties desire to raise this question based upon the following stipulated facts:

"(a) Spector Freight Systems, Inc. and Steffke Freight Company are parties to a collective bargaining agreement with the Central States Drivers Council and its affiliated local unions.

The plaintiff is a member of Local Union 325 affiliated with the Central States Drivers Council and is employed under the terms and conditions of the collective bargaining agreement.

"(b) In 1960 the plaintiff had his seniority for work purposes altered by defendants. Plaintiff now alleges to this Court that said alteration in his seniority was a breach of said bargaining contract.

"(c) A grievance on the aforesaid alteration of seniority (JRC) was filed by the plaintiff and was processed in accordance with the grievance procedure of the contract to a decision by the Joint State Committee. Based upon a precedent established by the Joint Area Committee, the Joint State Committee decided that there was no violation of the collective bargaining contract. Under the terms of the collective bargaining agreement, the decisions of this Joint State Committee are 'final and binding' on the parties.

"(d) The issue presented to the Court on this threshold question of law is whether this Court may review the aforesaid controversy relating to the alteration of plaintiff's seniority without regard to the aforesaid decision of the Joint State Committee established by the contract or whether said decision is final and binding on the merits of said controversy.

"(e) Local Union 325 was and is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(3), (5) and (7) of the Labor Management Relations Act, 1947, 29 USC 152(3), (5), and (7); and defendants Steffke and Spector referred to in said paragraph 1 are employers engaged in an industry affecting commerce within the meaning of Sections 2(2) and (7) of said Act."

Upon a hearing the trial court granted defendants' motion for summary judgment and entered judgment in favor of defendants as to count 1, and dismissed count 2 for want of equity. Plaintiff's several motions, including that for summary judgment were denied. Plaintiff has appealed.

The question presented by plaintiff's appeal is whether the trial court could ignore the decision of the Joint State Committee and conduct a de novo inquiry, or whether such decision was final and binding on the merits of the controversy involved.

██ In contending for reversal of the trial court's decision, plaintiff advances the proposition that under Illinois law the contract involved is void as against public policy because it provides for compulsory arbitration of employee grievances. A number of Illinois cases which are said to sustain plaintiff's position are cited. While such argument undoubtedly is not without merit in a proper case, it is wholly inapplicable to the issue to be determined on this appeal. The record discloses that in the trial court it was stipulated that the collective bargaining agreement alleged to have been breached was between employers engaged in an industry affecting commerce within the meaning of the Labor Management Relations Act, 1947, 29 USC 152(3)(5) and (7), and a labor organization representing employees engaged in such an industry. Section 301(a) of the Labor Management Relations Act, 29 USC 185(a) provides:

"Suits for violation of contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in contro-

80

versy or without regard to the citizenship of the parties."

The substantive law applicable to actions brought for violation of collective bargaining agreements is federal law. It was so held by the United States Supreme Court in Textile Workers Union of America v. Lincoln Mills of Alabama, 353 US 448. With reference to the national policy regarding arbitration agreements, the court there stated:

> "It seems, therefore, clear to us that Congress adopted a policy which placed sanctions behind agreements to arbitrate grievance disputes, by implication rejecting the Common-law rule, discussed in Red Cross Line v. Atlantic Fruit Co., 264 US 109, 68 L Ed 582, 44 S Ct 274, against enforcement of executory agreements to arbitrate. . . ."

The Supreme Court has also held that Federal law controls in suits on collective bargaining agreements brought in the State courts. Local 174 IBT v. Lucas Flour Co., 369 US 95. The reason impelling the application of Federal Law in all such controversies is stated in Lucas Flour as follows:

> "The importance of the area which would be affected by separate systems of substantive law makes the need for a single body of federal law particularly compelling. The ordering and adjusting of competing interests through a process of free and voluntary collective bargaining is the keystone of the federal scheme to promote industrial peace. State law which frustrates the effort of Congress to stimulate the smooth functioning of that process thus strikes at the very core of federal labor policy. With due regard to the many factors which bear upon competing state and

federal interests in this area, California v. Zook, 336 US 725, 730, 731, 93 L Ed 1005, 1009, 1010, 69 S Ct 841; Rice v. Santa Fe Elevator Corp., 331 US 218, 230, 231, 91 L Ed 1447, 1459, 1460, 67 S Ct 1146, we cannot but conclude that in enacting 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules."

To the same effect is Smith v. Evening News, 371 US 195.

■ ■ Since plaintiff's action is one of those in which federal law must be applied, the only remaining question is whether under such law the decision of the Joint State Committee is final. It is made clear by the stipulation that plaintiff's grievance was processed to a decision by the Committee in accordance with the provisions of the bargaining agreement, and that under such provisions the decision of the Committee is final. It is not charged in the complaint that fraud or other improper factors entered into the rendering of such decision. The plaintiff merely seeks to have a hearing de novo on the merits of his grievance. It is to be observed that this is the same grievance which plaintiff filed and in which he claimed the collective bargaining agreement had been violated. He now takes the incongruous position that said agreement is null and void. It is difficult to believe plaintiff would have sought redress pursuant to the provisions of a contract which he considered invalid. Such complete reversal in plaintiff's attitude would seem to indicate that dissatisfaction with the Committee's decision is the real reason underlying his present attack upon the contract's validity. Having failed to prevail before the committee, he now asks for a hearing in another and different forum. Where a grievance and arbitration procedure is established by a collective bargaining contract, a decision rendered

pursuant to such procedure may not be reviewed or weighed by the courts. Here the contract establishes a body with authority to resolve grievance disputes arising under its provision. That plaintiff's grievance was within the purview of the contract is undisputed. The U. S. Supreme Court has in numerous cases stated the rule applicable in such a situation. United Steelworkers v. Enterprise Corp., 363 US 593. United Steelworkers v. American Mfg. Co., 363 US 564. United Steelworkers v. Warrior & Gulf Navigation Co., 363 US 574. In the opinion in the American Mfg. Co. case the function of the courts where a collective bargaining agreement provides for arbitration is deliniated in this language:

"The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.

"The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious. The processing of even frivolous claims may have therapeutic values of

83

which those who are not a part of the plant environment may be quite unaware.

"The union claimed in this case that the company had violated a specific provision of the contract. The company took the position that it had not violated that clause. There was, therefore, a dispute between the parties as to 'the meaning, interpretation and application' of the collective bargaining agreement. Arbitration should have been ordered. When the judiciary undertakes to determine the merits of a grievance under the guise of interpreting the grievance procedure of collective bargaining agreements it usurps a function which under the regime is entrusted to the arbitration tribunal."

Likewise, in Enterprise Corp. we find the court stating:

"The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. As we stated in United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 US 574, 4 L Ed2d 1409, 80 S Ct 1347, decided this day, the arbitrators under these collective agreements are indispensible agencies in a continuous collective bargaining process. They sit to settle disputes at the plant level—disputes that require for their solution knowledge of the custom and practices of a particular factory or of a particular industry as reflected in particular agreements."

In view of the decisions to which we have referred, the conclusion is inescapable that the decision of the Committee on plaintiff's grievance was final and he is bound by it.

For the reasons herein indicated, the judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.